IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TYRONE YOUNG | CRIMINAL ACTION NO. 21-188 |

### ORDER

On May 6, 2021, Defendant Tyrone Young was charged in a three-count indictment with possession with intent to distribute 50 grams or more of methamphetamine and oxycodone in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(C) (Count One); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Three).[1] Mr. Young was previously convicted in 2006, 2008, and 2011 of felony drug trafficking offenses, for which he served more than 12 months of imprisonment.[2] He was on state parole at the time of the instant offense.[3]

Mr. Young moves to dismiss Count Three of the indictment.[4] He argues that § 922(g)(1) is unconstitutional as applied to him and on its face, relying on the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and the Third

---

[1] Indictment [Doc. No. 1].

[2] Indictment at 1-2 [Doc. No. 1]; Gov't's Resp. Opp'n Def.'s Mot. Dismiss at 4 [Doc. No. 68].

[3] Gov't's Resp. Opp'n Def.'s Mot. Dismiss at 4 [Doc. No. 68].

[4] Def.'s Mot. Dismiss [Doc. No. 64].

1

Circuit's decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc). The Government responds that "the historical record amply supports the disarming of persons previously convicted of felony offenses suggesting a danger to the public."[5]

Mr. Young's motion is one of many nearly identical motions brought by defendants following the *Bruen* and *Range* decisions. Courts in this district have "exhaustively discussed" the issue here and have consistently rejected these § 922(g)(1) challenges, finding that *Range* is limited to its unique facts.[6] In *Range*, the Third Circuit held that § 922(g)(1) was unconstitutional as applied to "an individual with a single, almost thirty-year-old [non-violent] criminal conviction for food stamp fraud."[7] However, thorough analysis from this Court and other judges in this district and circuit has found sufficient historical precedent to disarm convicted drug dealers "given the strong and established connection between drug trafficking and violence."[8] The Court adopts and relies upon that analysis and will not repeat it here.

The Court has carefully reviewed Mr. Young's circumstances and is reassured that his indictment does not violate the Second Amendment. Mr. Young was on state parole at the time

---

[5] Gov't's Resp. Opp'n Def.'s Mot. Dismiss at 2 [Doc. No. 68].

[6] *United States v. Harris*, No. 22-441, 2023 WL 7927758, at *1 (E.D. Pa. Nov. 16, 2023) (collecting cases). *See also United States v. Spady*, No. 23-36, 2023 WL 7706263, at *1 (E.D. Pa. Nov. 14, 2023) (collecting cases).

[7] *United States v. Dorsey*, 105 F.4th 526, 530 (3d Cir. 2024).

[8] *United States v. Thrones*, No. 24-42, 2024 WL 3204457, at *5 (E.D. Pa. June 25, 2024) (holding § 922(g)(1) constitutional as applied to a parolee with prior drug convictions). *See also United States v. Brown*, No. 20-260, 2023 WL 7021181, at *3-4 (E.D. Pa. Oct. 25, 2023) (same, as to defendant with prior convictions for burglary, drug trafficking, firearms violations, and eluding the police); *United States v. Blackshear*, No. 23-159, 2023 WL 5985284, at *3 (E.D. Pa. Sept. 14, 2023) (same, as to defendant with prior convictions for drug trafficking and gun possession); *United States v. Pearson*, No. 22-271, 2023 WL 6216527, at *3 (E.D. Pa. Sept. 25, 2023) (same); *United States v. Carothers*, No. 20-31, 2024 WL 1722521, at *6-7 (W.D. Pa. Apr. 22, 2024) (observing that courts around the country routinely hold that possessing a firearm in furtherance of a drug trafficking crime does not constitute conduct protected by the Second Amendment); *United States v. Boone*, No. 22-233, 2024 WL 965146, at *8 (D.N.J. March 6, 2024) (finding historical support for the need for dispossession statutes affecting a repeat offender with felony possession with intent to deliver or distribute illegal drugs); *United States v. Woznichak*, 21-242, 2023 WL 7324442, at *7 (W.D. Pa. Nov. 7, 2023) (finding that the Government showed sufficient historical support for disarming defendant, who had prior drug trafficking convictions).

of the instant offense and his criminal history includes multiple prior felony convictions, each of which involved inherently dangerous drug trafficking. He is decidedly unlike Range. His criminal history, parolee status, and circumstances fit squarely within the significant authority holding § 922(g)(1) is constitutional as applied to his case.

Because § 922(g)(1) is constitutional as applied to him, Mr. Young's argument that § 922(g)(1) is unconstitutional on its face must fail.[9] Mr. Young's related arguments that § 922(g)(1) is impermissibly vague and violates the Commerce Clause fail as well. Section 922(g)(1) provides unambiguous notice that it bars those convicted of "a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm or ammunition.[10] Mr. Young's Commerce Clause argument is foreclosed by binding precedent.[11]

The Supreme Court's recent decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), only bolsters the Court's conclusion that § 922(g)(1) is constitutional, both as applied to Mr. Young and on its face. In *Rahimi*, the Supreme Court rejected an as-applied Second Amendment challenge to 18 U.S.C. § 922(g)(8), which bars possession of a firearm by a person subject to a domestic violence restraining order, concluding that "the Government offers ample evidence that the Second Amendment permits the disarmament of individuals who pose a credible threat to the physical safety of others."[12] And it reiterated its guidance that many prohibitions, "like those on

---

[9] *Blackshear*, 2023 WL 5985284, at *3 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)) (rejecting a facial challenge to § 922(g)(1) because defendant could not demonstrate the statute was unconstitutional on an as-applied basis).

[10] 18 U.S.C. § 922(g)(1).

[11] *NLRB v. Jones & Laughlin Steep Corp.*, 301 U.S. 1 (1937); *see also United States v. Singletary*, 268 F.3d 196, 204 (3d Cir. 2001); *United States v. Shambry*, 392 F.3d 631, 634-35 (3d Cir. 2004); *United States v. Gateward*, 84 F.3d 670, 671-72 (3d Cir. 1996).

[12] *Rahimi*, 144 S. Ct. at 1898.

the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'"[13] Moreover, the Supreme Court explicitly vacated and remanded the Third Circuit's decision in *Range*, on which Mr. Young's arguments principally rely, following its decision in *Rahimi*.[14]

Count Three of Mr. Young's indictment will stand.

**AND NOW,** this 1st day of November 2024, upon consideration of Defendant's Motion to Dismiss the Indictment [Doc. No. 64] and the Government's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss the Indictment is **DENIED with prejudice**.

It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

[13] *Id.* at 1902 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626-27 & n.26 (2008)).

[14] *Garland v. Range*, 144 S. Ct. 2706 (2024). The Third Circuit reheard argument in *Range en banc* on October 9, 2024. Docket, *Range v. Att'y Gen.*, No. 21-2835 (3d Cir.).